IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02444-CMA-NRN

REID POLLACK,

 Plaintiff,

v.

BOULDER COUNTY,
POLLY MILLER, personally and in her individual capacity as a Boulder County Sheriff Detective #545, and
STEVE KELLISON, personally and in his individual capacity as a Boulder County Sheriff Deputy #565,

 Defendants.

## ORDER ADOPTING FEBRUARY 13, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

  This matter is before the Court upon the February 13, 2019 Recommendation (Doc. # 66) by United States Magistrate Judge N. Reid Neureiter that this Court grant Defendants Boulder County, Polly Miller, and Steve Kellison's Motion to Dismiss (Doc. # 24) and grant in part and deny in part Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 59). Defendant Polly Miller ("Defendant Miller" or "Defendant") filed an Objection (Doc. # 67) to the Recommendation on February 27, 2019, and Plaintiff filed a Response (Doc. # 68) on March 13, 2019. For the reasons that follow, the Court affirms and adopts the Recommendation, granting Defendants' Motion to Dismiss and granting in part and denying in part Plaintiff's Motion to Amend.

## I. BACKGROUND

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendant's objections.

On July 25, 2014, Defendants Miller and Kellison arrested Plaintiff without a warrant on a domestic violence charge. (Doc. # 66 at 2.) According to the Arrest Affidavit submitted by Defendant Miller, Plaintiff allegedly injured his partner, Karen Rusnik, on June 30, 2014, and she contacted police on July 5, 2014, to report the incident. After being arrested, Plaintiff was released on a bond that included a no-contact order. On August 2, 2014, Plaintiff was arrested for violating that order.

In October 2015, the domestic violence charge was dismissed. (*Id.*) According to a motion filed by the Boulder County District Attorney, the charge was dismissed because Ms. Rusnik could not be located. In April 2016, however, a jury found Plaintiff guilty of violating the no-contact order, and his appeal of that conviction was denied.

Plaintiff's arrests and criminal charges gave rise to the instant civil action. In his proposed amended complaint, Plaintiff alleges that, contrary to the District Attorney's assertions, Ms. Rusnik "was ready and willing to testify but not for the prosecution." (Doc. # 59-1 ¶ 76.) Plaintiff further alleges that probable cause did not exist to arrest him on July 25, 2014, and that Defendant Miller's Arrest Affidavit included false statements. Additionally, Plaintiff asserts that his wrongful arrest in July 2014 resulted in

the wrongful issuance of the no-contact order, and he was unfairly prosecuted for violating that order.

In his Amended Complaint (Doc. # 15), Plaintiff asserts six claims for relief: (1) seizure lacking probable cause; (2) violation of double jeopardy; (3) unreasonable seizure; (4) exploitation of an illegal arrest and malicious prosecution; (5) failure to train officers; and (6) violation of his right to a speedy trial.

On March 5, 2018, Defendants filed a Motion to Dismiss. (Doc. # 24.) Plaintiff filed a Response (Doc. # 35) on April 16, 2018, and a Motion for Leave to Amend the Complaint (Doc. # 59) on January 2, 2019. In his proposed amended complaint (Doc. # 59-1), Plaintiff withdrew his claims against Defendant Kellison, his double jeopardy claim, and his speedy trial claim. Additionally, Plaintiff included a claim for "judicial deception," and a claim "for declaratory and injunctive relief from Boulder County for its deliberate indifferent failure to adopt a policy necessary to prevent constitutional violations." (Doc. # 59 at 2.) Finally, Plaintiff asserts a malicious prosecution claim in relation to his July 25, 2014 arrest. (Doc. # 59-1 ¶¶ 71–93.)

This Court referred both Motions to Magistrate Judge Neureiter. (Doc. ## 25, 56, 60.) Accordingly, the magistrate judge held a hearing on both Motions on February 7, 2019, and issued a Recommendation (Doc. # 66) on February 13, 2019.

## II.     LEGAL STANDARDS

### A.    REVIEWING AN OBJECTION TO A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de*

*novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.**     ***PRO SE* STATUS**

When a party proceeds *pro se*, as Plaintiff does here, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

### III.     DISCUSSION

Magistrate Judge Neureiter recommended that Defendants' Motion to Dismiss (Doc. # 24) should be granted. The magistrate judge further recommended that Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 59) should be granted in part and denied in part. The Court will analyze each Motion in turn.

## A. DEFENDANTS' MOTION TO DISMISS

Magistrate Judge Neureiter concluded that Defendants' Motion to Dismiss (Doc. # 24) should be granted and that all the claims Plaintiff asserts in his amended complaint (Doc. # 15) should be dismissed with prejudice. (Doc. # 66 at 21.) Neither party objected to the Recommendation in this regard.

"In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The Court has reviewed all relevant pleadings concerning the underlying claims and the Recommendation. Based on this review, the Court concludes that Magistrate Judge Neureiter's thorough and comprehensive analyses and recommendations are correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee's Note. Therefore, the Court adopts the Recommendation of Magistrate Judge Neureiter as the findings and conclusions of this Court with respect to Defendants' Motion to Dismiss (Doc. # 24).

## B. PLAINTIFF'S MOTION TO AMEND

Magistrate Judge Neureiter concluded that Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 59) should be granted to allow Plaintiff to assert claims for judicial deception and malicious prosecution in relation to his July 2014 arrest and denied in all

other respects.[1] (Doc. # 66 at 29.) Defendant Miller objects to the Recommendation, arguing that Plaintiff's Motion should be denied in its entirety because Plaintiff has not provided adequate explanation for the delay in amending his complaint and because any amendment would be futile. Accordingly, the Court will proceed with a de novo review of whether Plaintiff should be granted leave to assert claims for judicial deception and malicious prosecution.

    1.    <u>Legal Standards Applicable to a Motion to Amend</u>

Rule 15(a)(2) directs a trial court to "freely give leave [to amend a complaint] when justice so requires." It is a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

With respect to *pro se* plaintiffs in particular, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "In addition, pro

---

[1] Neither party objected to Magistrate Judge Neureiter's determination that Plaintiff's Motion should be denied in so far as it seeks to add a "failure to adopt a policy" claim because such claim would be futile. (Doc. # 66 at 21–22.) Therefore, the Court concludes that the magistrate judge's analysis and recommendation is correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee's Note; *Summers*, 927 F.2d at 1167 ("In the absence of timely objection, the district court may review a magistrate[] [judge's] report under any standard it deems appropriate.").

6

se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Id.* at 1110 n.3.

However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought" need not be granted. *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("The grant or denial of an opportunity to amend is within the discretion" of the trial court)). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

    2.    <u>Undue Delay</u>

Defendant Miller argues that Plaintiff's Motion to Amend should be denied because "Plaintiff has not provided an adequate reason for his delay in filing the latest amended complaint." (Doc. # 67 at 3.)

Delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Id.* The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* at 1206. A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories

of recovery," is trying to present more theories to avoid dismissal or is knowingly waiting until the eve of trial to assert new claims. *Id.* (citations omitted). Courts will also find a delay to be undue when a movant lacks adequate explanation for the delay or when a movant knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted).

In the instant case, there no indication that Plaintiff is attempting to salvage a lost case by untimely suggesting new theories of recovery; nor is there evidence that his complaint has become a "moving target." More importantly, Defendant has not demonstrated that she will suffer any prejudice by the proposed amendment. "[A]t most, [Defendant] would be mildly inconvenienced. Such inconvenience does not amount to 'undue prejudice.'" *Sullivan v. Equifax Info. Servs. LLC*, No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *W. Capital Partners LLC v. First Am. Title Ins. Co.*, No. 14-cv-00454-WJM-KLM, 2014 WL 7251631, at *2 (D. Colo. Dec. 19, 2014)).

Additionally, Plaintiff has provided an explanation for filing an amended complaint at the present time. Plaintiff indicated that his status as a pro se litigant has caused him to work at a slower pace than an attorney. (Doc. # 68 at 2.) Although this argument will not justify a delayed amendment in all circumstances, it is an adequate explanation for purposes of the instant Motion because Defendant does not face any significant prejudice. *See Hall*, 935 F.2d at 1110 n.3 ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings.").

3. <u>Futility</u>

Defendant argues that Plaintiff's Motion to Amend would be futile. "An amendment is futile only if it would not survive a motion to dismiss." *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No. 12-cv-00043-WYD-KLM, 2013 WL 6676157, at *2 (D. Colo. Dec. 18, 2013) (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

In the instant case, Defendant's arguments in support of futility raise significant issues that have not been properly briefed. For example, with regard to the statute of limitations applicable to a judicial deception claim, Defendant Miller asserts that "[a] claim for judicial deception accrues once all of the elements are met," which, Defendant Miller suggests, is when she allegedly incorporated known falsehoods in her warrant affidavit. (Doc. # 67 at 5.) That is incorrect.[2]

The Court finds that these issues would be better and more efficiently addressed after Plaintiff's amended complaint is in place and Defendant has had an opportunity to revise her motion to dismiss to address the revised allegations, if she chooses to file such a motion. *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*,

---

[2] Defendant Miller cites a single case, *Myers v. Morris*, 810 F.2d 1437, 1457 (8th Cir. 1987), in support of her argument. However, a cursory review of *Myers* shows that the Eighth Circuit did not even consider the issue of when a judicial deception claim accrues. For the proper legal standard, the Court directs the parties to *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1279 (9th Cir. 2017) (holding discovery rule applies to judicial deception claims and concluding judicial deception claim began accruing when the underlying affidavit became "reasonably available").

9

No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument "seems to place the cart before the horse").

> Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendant[ ] file[s] a motion to dismiss on those grounds.

*Stender*, 2016 WL 1235414, at *3; *see, e.g.*, *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) ("To the extent the Opposing Defendants believe the allegations against them remain deficient, the Court finds that such arguments would be better and more efficiently addressed through motion(s) to dismiss the Proposed Third Amended Complaint."); *Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2016 WL 9735783, at *2 (D. Colo. Oct. 31, 2016) (same); *Estate of Dixon v. Bd. of Cty. Comm'rs of Crowley Cty.*, No. 15-cv-02727-NYW, 2016 WL 931274, at *3 (D. Colo. Mar. 11, 2016) (granting motion to amend and denying as moot motions to dismiss).

The Court's conclusion is bolstered by an analysis of prejudice. Prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint. *See Minter*, 451 F.3d at 1207. "Courts typically find prejudice when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* In the instant case, the proposed Amended Complaint does not contain claims that arise

out of different subject matter, and Defendant has failed to show any prejudice that would result from allowing the amendment. *Stender*, 2011 WL 1235414, at *3 (opposing party's failure to "argue [that it] face[s] any—let alone undue—prejudice" if the Court grants leave to amend the complaint "grievously weaken[s]" its opposition to amendment).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Magistrate Judge Neureiter's Recommendation (Doc. # 66) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 24) is GRANTED, and all claims asserted in Plaintiff's Amended Complaint (Doc. # 15) are DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Plaintiff's Motion for Leave to Amend the Complaint (Doc. # 59) is GRANTED IN PART AND DENIED IN PART. The Motion is DENIED with respect to Plaintiff's proposed "failure to adopt a policy" claim and the Motion is GRANTED with respect to Plaintiff's proposed malicious prosecution and judicial deception claims. It is

FURTHER ORDERED that Plaintiff shall have up to and including April 21, 2019, to file an Amended Complaint.

DATED: March 21, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge