IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02444-DDD-NRN

REID POLLACK

Plaintiff,

v.

POLLY MILLER #545 BOULDER COUNTY SHERIFF'S DEPARTMENT

Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

A Case Management Conference is set for June 14, 2019

*Pro Se* Plaintiff
Reid Pollack
4927 Thunderbird Circle #103
Boulder, CO. 80303
720-503-2354
sumofallbooks@gmail.com


Counsel Defendant Polly Miller
Catherine Ruhland
Deputy County Attorney
David Hughes
Deputy County Attorney

Boulder County Attorney's Office
P.O. Box 471
Boulder, CO 80306
(303) 441 3190
truhland@bouldercounty.org

## 2. STATEMENT OF JURISDICTION

Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States. )

### 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    Plaintiff(s)

Malicious Prosecution
Judicial Deception

    b.    Defendant(s)

Defendant Detective Miller denies the allegations in the Complaint and denies that Mr. Pollack is entitled to any relief and further asserts that she is immune from Plaintiff's claims. Mr. Pollack is not entitled to relief on his malicious prosecution claim because the District Attorney did not dismiss the felony domestic violence charges on their merit; rather, she dismissed the charges because she was unable to locate the victim, Karen Rusnik, and therefore Plaintiff cannot satisfy the second element of the claim requiring the termination must indicate the innocence of the accused. Moreover, Plaintiff cannot satisfy the third or fourth elements of the claim because probable cause supported the arrest. With respect to Plaintiff's judicial deception claim, Plaintiff cannot prove either element of the claim because probable cause supported the arrest.

### 4. UNDISPUTED FACTS

The following facts are undisputed
    NONE

The parties will work together to determine any undisputed facts.

### 5. COMPUTATION OF DAMAGES

Plaintiff

Plaintiff offers the following guidelines which is available via the online documentation and which that documentation justifies. Accordingly the Plaintiff seeks the following redress

- As a result of the Defendants combined actions and violation of the Plaintiff constitutional rights he has suffered loss of the Business Some of all Books, LLC and the business chattels which were listed for resale at the time of the Plaintiff's arrest at a competitive price totaling $257,000.00
- Ongoing revenue is lost over the fourteen months the plaintiff awaits trial before the case is dismissed. Revenue of approximately $7,500 month on average amounts to $105,000 in lost revenue. Ongoing revenue for 43 months since October of 2015 to the present $322,500.
- Unlisted inventory of books making up partial sets $150,000
- Future earnings into retirement $1,000,000
- He has also suffered from the following for which the computation of actual amounts is not yet determined and for which the jury can determine the amount.
- defamatory falsehood involved in the charges
- other difficulties including impairment of reputation,
- personal humiliation,
- mental anguish and suffering,
- impaired self-confidence,
- untethered moral compass,
- retreat of the heart,
- sleeplessness,

- depression,

- Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

- The plaintiff seeks compensation for all losses and any damages as the jury sees fit to award him.

Defendant

Defendants do not claim any damages.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.
    May 24, 2019.

Plaintiff states that No in person meeting has yet taken place. There was a very brief phone call on May 24. It is noteworthy that over a year ago the Plaintiff first sought a 26 (f) meeting (see Document 50 page 5) and was not granted one by defense counsel. In the present circumstance the Plaintiff has asked the defense counsel for a face to face meeting due to the many issues to be discussed which would be difficult for the Plaintiff to adequately discuss over the phone based on his lack of familiarity with the operational proceedings; not due to lack of familiarity with the rules which he has read, but due to having no actual experience in areas such as the hiring of expert witnesses, interrogatories, depositions and the like; all of which would be helpful in determining the answers to the questions that are required to be answered in the preparation of scheduling order due to be submitted one week prior to the scheduling conference. However the defense counsel refused to grant the Plaintiff any in person meeting and as expected the only meeting allowed, the phone meeting, lasted but a minute or two and none of the issues that were to have been discussed were brought forward. Finally at the end of the brief phone call defense counsel informed the Plaintiff that she would be out of town until the 3rd of June and she would get in touch with him at that time. The Plaintiff received a draft of the proposal on the afternoon of June 5th. He is returning it to her with his portion filled in at noon on June 7th. It is unclear whether she will submit it by 5 pm on June 7th. The Plaintiff expects to receive a copy of the final version back from her to sign by 5 PM. He will then read it over sign it and submit it electronically by midnight.

Counsel for Defendant states that on May 21, 2019 this Court issued an order setting the Case Management Conference for June 14. Immediately following the Court's order, counsel for detective Miller also on May 21 sent Plaintiff a copy of the form proposed scheduling order from the Court's website as well as identifying dates and times for a 26(f) conference and explaining the parties would have to work together to complete the proposed scheduling order. The parties held a Rule 26(f) conference by phone on May 24, 2019. Although the parties did not discuss alternative dispute resolution, undersigned counsel brought up the items required for a Rule 26(f) conference indicated that she believed the presumptive limits were appropriate, and highlighted for Plaintiff that the central issue in this matter revolves around his first criminal prosecution for felony domestic violence and that since the case is under seal he will need to unseal it. Counsel for Defendant emphasized that she cannot provide Plaintiff will legal advice.

      b.      Names of each participant and party he/she represented.

*Pro se* Plaintiff Reid Pollack and Catherine Ruhland, Counsel for Defendant Miller, conferred by telephone.

      c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Defendants will provide the Rule 26(a)(1) disclosure on June 7, 2019.

Plaintiff will provide his Rule 26(a)(1) disclosures on June 10, 2019. A preliminary disclosure will be provided by midnight on June 7, 2019.

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None requested

      e.      Statement concerning any agreements to conduct informal discovery

The defense has not agreed to conduct informal discovery

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

  g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Defendant does not anticipate a substantial amount of discovery of electronically stored information.
Plaintiff does not anticipate a substantial amount of discovery of electronically stored information. There will however be some discovery of electronically stored information.

  h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff's Statement  The defense counsel refused to grant the Plaintiff any in person meeting. The only meeting allowed, the phone meeting, lasted but a minute or two and none of the issues that were to have been covered were discussed despite the Plaintiff's desires and efforts to do so. For this reason there were no discussions regarding the possibilities for promptly settling or resolving the case.

Defense Statement   Undersigned counsel states that  the parties appropriately addressed the requirements of Rule 26(f) except for ADR. Upon realizing this omission, undersigned counsel emailed Plaintiff and asked him his thoughts about early settlement. To date, counsel has received no response.

## 7. CONSENT

All parties   □ [ have]   x   [have not] consented to the exercise of jurisdiction of a

## 8. DISCOVERY LIMITATIONS

~~a.~~   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. ~~None at this time. The Plaintiff reserves the right to request such modifications at a later date.~~

      a.   Each side shall be limited to 7 depositions, excluding experts.
        b.   Each side shall be limited to 25 interrogatories

c.
d.

~~b.~~e.   Limitations which any party proposes on the length of depositions.

~~No more than 7 hours per deposition.~~
Depositions shall not exceed 7 hours for two deponents, exclusive of experts, all others limited to 4 hours, for each side, without prior agreement or absent leave of court.

~~c.~~f.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

No more than 25 requests for production and 25 requests for admission per side. The Plaintiff reserves the right to request such modifications at a later date.

      ~~d.~~g.    Other Planning or Discovery Orders

      Defense Statement The 2014 criminal prosecution underlying Plaintiff's claims is under seal in Boulder County District Court pursuant to Colorado Revised Statutes Section 24-72-701 *et seq.* and Defendant cannot access any files associated with the case. The files in the case are essential to Defendant's ability to defend herself in this matter. During the rule 26(f) conference Plaintiff agreed to unseal the case so that Defendant may access the court files. If Plaintiff has not unsealed the case by June 30, 2019, Defendant will file a motion with this Court seeking an order that Plaintiff be required to file a motion to unseal his case. It is essential that counsel for Defendant be allowed to access the Boulder County District Court file itself to ensure authenticity, accuracy, and completeness.

Plaintiff Statement The entire discovery report is and has been available to the Defendant and defense counsel at an attachment to Document 11. It is available there in two formats. Both Document 11-2 and Document 11-5 contain the entire case file as it is known to the Plaintiff. He has not been made aware of any other documentation of the criminal complaint.

**ORDERED:** <span style="color:red">Plaintiff shall file a motion requesting to unseal the 2014 criminal case in Boulder County District Court on or before **June 26, 2019**. Defendant shall file a response on or before **July 3, 2019.**</span>

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings August 31, 2019

    b.    Discovery Cut-off January 20, 2020

    c.    Dispositive Motion Deadline   February 10, 2020

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.
Defendant does not anticipate calling any expert witnesses
The Plaintiff anticipates calling up to five expert witnesses. Two of the witness calls are in regard to speech disorders and at least one particular to aphasia which is suffered by the state appointed victim. Ms. Rusnik has suffered from aphasia (and other speech disorders) since June of 2010 as a result of her stroke. A third expert witness will be called in relation to the operational aspects and the financial capacity of on-line eCommerce book businesses as they are run on the Amazon (and possibly other) venues. The Plaintiff would also reserve the right to call two additional expert witnesses one in the health care field not necessarily related to disorders of speech.

~~2.~~ Limitations which the parties propose on the use or number of expert witnesses. ~~Plaintiff 5 expert witnesses per side. Defendant 2 expert witnesses per side.~~

e. Each side shall be limited to 3 expert witnesses, absent leave of court.
   1.
   2.
   ~~3.~~ The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~December 2, 2019.~~ November 15, 2019
   3.
   ~~4.~~ The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~January 3, 2020.~~ December 18, 2019
   4.

~~e.~~f. Identification of Persons to Be Deposed

If possible the Plaintiff will have a more complete list of the names of those to be deposed or in some cases, where their name is unavailable, either the jobs held by those to be deposed or their professional or personal relation to the Defendant by June 10, 2019.
A preliminary though partial list includes
Polly Miller BCSD
Keith Powell BCSD #547
Steve Kellison BCSD
Sgt. Oehlkers BCSD
Sgt. Crist BCSD

7

Deputy Simpson BCSD
Other Officers discovered to have worked with Detective Miller on cases with like charges.
Karen Rusnik
David Medrud
Mark Bradford Kenney

Defendant may depose the following party and witnesses

Reid Pollack – 4 hours

f.g. Deadline for Interrogatories

December 10, 2019

g.h. Deadline for Requests for Production of Documents and/or Admissions

December 10, 2019

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times

November 14, 2019 at 2:00 p.m.

b. A final pretrial conference will be held in this case on April 28, 2020 at 11:00 a.m. ------------at o'clock ----- m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a jury trial of 3 to 4 days.

8

       c.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may only be altered upon a showing of good cause

and an order entered by the Court.

DATED at Denver, Colorado, this 14th day of June, 2019.

BY THE COURT

*N. Reid Neureiter*
United States Magistrate Judge

APPROVED
s/ *Reid Pollack*
Reid Pollack                                    Catherine Ruhland

4927 Thunderbird Circle #103

Boulder, CO 80303                               PO Box 471

                                                Boulder, CO 80306

720-503-2354                                    (303)-441-3970

10

Pro se Plaintiff                              Attorney for Defendant PollyMiller