THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02444-DDD-NRN

REID POLLACK

Plaintiff,

v.

POLLY MILLER

Defendant.

---

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO UNSEAL BOULDER COUNTY DISTRICT COURT RECORDS**

---

Pursuant to Fed. R. Civ. P. 37(a)(3)(A) and this Court's June 14, 2019 Scheduling Order [ECF 81], Defendant Polly Miller ("Detective Miller") respectfully requests that this Court order *pro se* Plaintiff Reid Pollack ("Pollack") to unseal judicial records in Pollack's Boulder County District Court criminal prosecution so that the Detective Miller may prepare her defense in the above-captioned matter. In support, Detective Miller states as follows:

### Conferral

Pursuant to D.C.COLO.LCiv.R. 7.1, Fed. R. Civ. P. 37(a)(1), and Magistrate Judge Neureiter's Practice Standard E.1, counsel for Detective Miller conferred with *pro se* Plaintiff Reid Pollack ("Pollack") regarding the relief requested in this motion on May 24, 2019 by telephone and again during the hearing before Magistrate Judge Neureiter on June 14, 2019. Pollack objected to the relief requested.

Document Number: 271727

On June 25, 2019 Pollack sent undersigned counsel an email indicating that he had filed a motion to unseal with the Boulder County District Court. Because the sealing statute prohibits the Boulder County District Court from even identifying if a case exists, undersigned Counsel cannot verify that Pollack has filed such a motion.[1]

**Background**

On July 25, 2014, the *pro se* Plaintiff Reid Pollack ("Pollack") was arrested on a domestic violence charge and taken to Boulder County Jail. Pollack was released on a bond that included a no-contact order. On August 2, 2014, Plaintiff was arrested for violating the no-contact order. Plaintiff alleges on October 8, 2015, the District Attorney dismissed Plaintiff's domestic violence case when the victim could not be located. (*See* ECF 45-5.) The dismissed case was then placed under seal[2] in the District Court for the County of Boulder pursuant to section 24-72-702 of the Colorado Revised Statutes[3] prohibiting access to third parties, including Detective Miller.

---

[1] The document that Pollack sent counsel states that this Court has already ordered him to unseal the record. While the Court's Minute Order (ECF 80) and Scheduling Order (ECF 81) state that "Plaintiff shall file a motion requesting to unseal" and "Defendant shall file a response", undersigned counsel believes that this should have read that "Defendant shall file a motion" with this Court and Plaintiff shall file a response. Should undersigned counsel become aware of the Boulder County District Court unsealing the record, she will inform this Court.

[2] Detective Miller notes that the intent of the statute is to provide some privacy for the defendant in the matter, in this case, Pollack. *People v. Wright*, 598 P.2d 157, 159 (Colo. App. 1979).

[3] The Colorado General Assembly has amended the sealing statute since Pollack sealed his record. However, such amendments do not impact the analysis in this matter. *Compare* Colo. Rev. Stat. § 24-72-705 (2019) (directing a simplified process that "(1)(a) the court shall order the defendant's criminal justice records sealed when: (I) A case against a defendant is completely dismissed.") *with* § 24-72-702 (2014) (directing that "any person in interest may petition the district court…for the sealing of all of the records, except basic identification information…in any case which was completely dismissed."). Although the 2019 statute does not go into effect until August 2, 2019,

Document Number: 271727

Pollack filed this action against Detective Polly Miller on October 11, 2017 alleging violations of his constitutional rights arising out of his arrest and the subsequent prosecution. Specifically, his Amended Complaint (ECF 70) alleges malicious prosecution and judicial deception claims based on the sealed case. By filing the Complaint, the Pollack placed the information under seal directly at issue in this litigation.

### Colorado's Criminal Justice Records Sealing Statute

Only a criminal defendant who is the subject of the records or a prosecuting attorney to a sealed case may request access to sealed records. § 24-72-703(5)(a) (2019).[1] Detective Miller was not the prosecuting attorney or otherwise a party to the sealed criminal case and will not be permitted to access the record unless it is unsealed by the prosecuting attorney or Pollack.

Section 24-72-703(2)(b) (2019) states that the Boulder County District Court "upon an inquiry into [a sealed] matter" "may properly reply . . . that public criminal records do not exist with respect to the petition or defendant." Thus, Detective Miller cannot obtain any information from the Boulder County District Court about the nature of the records. Moreover, undersigned counsel has attempted to request information from Boulder County District Court regarding this case and has received the response that no records exist.

---

[1] Detective Miller cites the 2019 version of the statute as amended effective August 2, 2019 since it has not substantively changed the process for unsealing a record. Moreover, once it goes into effect, the 2019 statute will apply retroactively to all motions to unseal. *See* § 24-72-706(3).

Document Number: 271727

Moreover, because Detective Miller is an employee of a criminal justice agency, section 24-72-703(2)(b) (2019) prohibits her from disclosing any information that she may have about the sealed matter.

## Argument

### I.     Pollack's Allegations and the Sealed Records

Generally, criminal records information under seal includes "information reporting the arrest, indictment, or other formal filing of criminal charges against a person; the identity of the criminal justice agency taking such official action relative to an accused person; the date and place that such official action was taken relative to an accused person;…the nature of the charges brought or the offenses alleged against such an accused person; and one or more dispositions relating to the charges brought against an accused person." Colo. Rev. Stat. § 24-72-302(1). These records are directly relevant to Pollack's claims and Detective Miller's defenses. *See* Fed. R Civ. P. 26(b)(1).

Pollack has alleged that Detective Miller deceived the Court in filing a probable cause affidavit with false information. In order to prove a judicial deception claim, a plaintiff must prove that (1) the statements were false and (2) the false statements were material to the judicial officer's probable cause determination. *Chism v. Washington*, 661 F.3d 380, 389 (9th Cir. 2011). The criminal records information under seal is centrally relevant to these elements of Pollack's claims and Detective Miller's defenses and are well within the scope of discovery. Fed. R. Civ. P. 26(b)(1). Likewise, the elements of Pollack's malicious prosecution claim include whether the original action terminated in Pollack's favor, whether Detective Miller (as opposed to another law

enforcement officer or the District Attorney) caused Pollack's continued prosecution, whether Detective Miller acted with malice, and whether probable cause supported the original arrest. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). The sealed criminal file contains the information that goes directly to the elements of Pollack's claims.

## II.     Unsealing is Appropriate and Necessary

Detective Miller respectfully requests that this Court enter an order requiring Pollack to unseal his state criminal court record so that Detective Miller may defend herself in this matter.[4]

As the District of Colorado has recognized, sealing provisions should not hinder civil discovery in state or federal court. *Lumpkin v. Clark*, No. 07-cv-02015-MSK-KMT, 2008 WL 2441986, at *6 (D. Colo. June 13, 2008) ("There are [] important exceptions to sealing provisions. One such exception carves out a specific exemption for the obligations of litigants involved in civil discovery."); *see also People v. Connors*, 230 P.3d 1265, 1269 (Colo. App. 2010) ("Court orders sealing records do not limit the operation of applicable discovery rules."). The discovery exception to sealing orders is codified at section 24-72-703(7)(a) (2019)[5] and provides that "court orders sealing records of official actions pursuant to this part 7 do not limit the operations of the rules

---

[4] Detective Miller and undersigned counsel are unable to petition the Boulder County District Court themselves because the Boulder County District Court has indicated that no such court case exists. *See* § 24-72-703(2)(b) (2019).

[5] Although Colorado's Criminal Justice Records Sealing Act appears to contemplate the use of sealed criminal justice records in civil lawsuits such as this one, because the Boulder County District Court indicates that no records exist, Detective Miller requires an order from this Court directing Pollack to unseal the records.

Document Number: 271727

of discovery or the rules of evidence promulgated by the Supreme Court of Colorado or any other state or federal court."

As explained above, the information in the sealed record is the predicate for all of Pollack's claims brought in this case. "It is beyond question that the search for truth is frustrated if evidence essential to the prosecution and defense of a civil rights action is left shrouded in secret seclusion to the benefit of one and the detriment of another." *Lumpkin,* 2008 WL 2441986, at *3. And, because criminal justice agencies are bound by law to "reply, upon an inquiry into the matter, that public criminal records do not exist," Detective Miller cannot utilize ordinary discovery to obtain the information under seal, and she cannot legally re-create information compiled in the sealed judicial record for the same reason. § 24-72-703(2)(b) (2019); *see Lumpkin,* 2008 WL 2441986, at *10 (court ordered defendant to file a motion requesting the state court to unseal criminal justice records in part because the plaintiff could not re-create the evidence contained therein).

Moreover, the United States District Court for the District of Colorado has "decline[d] to rule that a 'privacy right' or 'privilege' is created by the state sealing statute" which would shield a sealed record from discovery and has emphasized that "the public's interest in fair treatment for all litigants far outweighs…privacy interests." *Lumpkin*, 2008 WL 2441986, at *3. And, even if there were a privacy right or privilege, which there is not, because Pollack elected to bring this lawsuit precisely about the criminal file that has been placed under seal, he has impliedly waived any argument about his privacy right or privilege and discovery obligations in this matter take precedence. Colorado case law also supports this position. When a plaintiff "has utilized

his condition as the predicate for some form of judicial relief, his legal position as to that condition is irreconcilable with a claim of confidentiality." *Clark v. Dist. Ct., Second Judicial Dist., City & Cty. of Denver*, 668 P.2d 3, 10 (Colo. 1983) (In the context of physician-patient privilege, "[a] party should not be permitted to assert a condition in seeking damages and at the same time assert privilege in order to prevent the other party from ascertaining the truth of the claim and the nature and extent of the condition.") (citing *Koump v. Smith*, 25 N.Y.2d 287, 294, 250 N.E.2d 857, 861, 303 N.Y.S.2d 858, 864 (1969)). Here, Pollack has based his claims on his sealed criminal record, and therefore he has waived any right to privacy or confidentiality of these records.

Rule 26(a)(1)(i) requires that "a party must, without awaiting a discovery request, provide to the other parties: . . . a copy…of all documents… that the disclosing party has in its possession, custody, or *control* and may use to support its claims or defenses." (emphasis added). Pollack has failed to make a disclosure required by Rule 26(a) by his inaction in unsealing the record, as documents within his control which could be used to support defenses have not been disclosed to Detective Miller. Pollack has sole control over the sealed record for purposes of discovery in this matter. § 24-72-703(5)(a) (2019) (only a criminal defendant or prosecuting attorney may file a motion to unseal); *Lumpkin,* 2008 WL 2441986, at *9 (In the context of discovery, "a party 'controls' documents which it has the right, authority, or ability to obtain upon demand"); *see also Steele Software Sys. v. DataQuick Info. Sys.*, 237 F.R.D. 561 ("'Control' has been construed . . . as the legal right, authority, or practical ability to obtain the materials sought on demand." (citation omitted)).

Document Number: 271727

## Conclusion

For the foregoing reasons, the Detective Miller respectfully requests this Court grant an order compelling Pollack to unseal his judicial records so that the Detective Miller may access the records for preparation of her defense of this litigation.

Dated: June 26, 2019.

                                    Respectfully submitted,

                                    BOULDER COUNTY ATTORNEY

By:  */s/ Catherine R. Ruhland*
      David Hughes
      Dea Wheeler
      Catherine R. Ruhland
      P.O. Box 471
      Boulder, CO 80306
      (303) 441-3190
      dhughes@bouldercounty.org
      truhland@bouldercounty.org
      dwheeler@bouldercounty.org

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing **DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO UNSEAL BOULDER COUNTY DISTRICT COURT RECORDS** via U.S. District Court electronic filing service and that a true and correct copy was served upon the following via U.S. Mail, postage prepaid, together with a copy of the Notice of Electronic Filing and copies of the unpublished cases cited, addressed as follows:

Reid Pollack
4927 Thunderbird Cir. #103
Boulder, CO 80303
summofallbooks@gmail.com

                                                            */s/Catherine R. Ruhland*

Document Number: 271727